IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOHN P. JOHNSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 5:14-CV-00210-FB- |
| FULTON, FRIEDMAN & GULLACE, LLP, | § | PMA |
| CHRISTINE SHILEIKIS, CARRIE D. | § | |
| TAYLOR, ASSET ACCEPTANCE, LLC, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS ASSET ACCEPTANCE, LLC'S, CHRISTINE SHILEIKIS', AND
CARRIE D. TAYLOR'S CONSOLIDATED ANSWER TO
PLAINTIFF'S ORIGINAL COMPLAINT**

Defendants Asset Acceptance, LLC ("Asset"), Christine Shileikis ("Shileikis"), and

Carrie D. Taylor ("Taylor")  (collectively, "Defendants") file this Answer to Plaintiff's Original

Complaint filed by John P. Johnson ("Johnson" or "Plaintiff") and shows as follows:

## NATURE OF THE ACTION

1.      This is an action for damages brought by an individual Plaintiff for Defendants'

violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, *et seq.* (FDCPA), the

Texas Debt Collection Practices Act, Chapter 392 (TDCPA), the Texas Business and Commerce

Code, Subchapter  E, Chapter 17, (DTPA), and the Fair Credit Reporting Act 15 U.S.C. § 1681,

*et seq.* (FCRA).

**Response: This statement is a mere assertion that Plaintiff complains of Defendants'
actions generally and no response is required.  To the extent that a response is required,
Defendants admit that Plaintiff has filed this complaint and alleges violations of the
FDCPA, TDCA, DTPA, and FCRA, but deny that they violated the such statutes.**

2.      Plaintiff seeks to recover monetary damages for Defendants' violations of the FDCPA, the TDCPA, DTPA and the FCRA.

**Response: This statement is a mere assertion that Plaintiff seeks to recover monetary damages generally and no response is required.  To the extent that a response is required, Defendants admit that Plaintiff has filed this complaint seeking to recover monetary damages for alleged violations of the FDCPA, TDCA, DTPA, and FCRA, but deny that they are liable to Plaintiff for such monetary damages.**

## JURISDICTION

3.      This court has jurisdiction under 15 U.S.C. § 1681p, 15 U.S.C. § 1692, et seq., and 28 U.S.C. § 1331.

**Response:  The allegations of this paragraph state a legal conclusion to which no response is required.**

4.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where  Defendants transact business in this district.

**Response:  The allegations of this paragraph state a legal conclusion to which no response is required.**

## PARTIES

5.      The Plaintiff in this lawsuit is John P. Johnson, a natural person, who resides in Bandera County, Texas.

**Response: Asset admits only that Plaintiff is a natural person, but is without information sufficient to admit or deny the remaining allegations.**

6.       Plaintiff is a consumer as defined by the FDCPA, 15 U.S.C. § 1692a(3), FCRA, 15 U.S.C. § 1681a(c), Texas Business and Commerce Code section § 1750(a)(1) and the  Texas Finance Code § 392.001(1).

**Response:   The allegations of this paragraph state a legal conclusion to which no response is required.**

7.       Defendant, FULTON, FREIDMAN & GULLACE, LLP ("FULTON") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and by Tex. Fin. Code Ann. § 392.001(6) with office headquarters at 28 E. Main Street #500, Rochester, NY 14614.

**Response: The allegations of this paragraph state a legal conclusion to which no response is required.  Defendants are without sufficient information to admit or deny the allegations regarding Fulton's office headquarters.**

8.       FULTON, FRIEDMAN & GULLACE, LLP is a debt collection law firm who at all relevant times was engaged, by the use of the mail and the telephone in the business of attempting to collect a "debt" from Plaintiff as defined by 15 U.S.C. § 1692a(5) and by Tex. Fin. Code Ann. § 392.001(2).

**Response: The allegations of this paragraph state a legal conclusion to which no response is required.  To the extent that a response is required, Defendants state that they are without sufficient knowledge to admit or deny the factual allegations of this paragraph.**

9.       FULTON, FRIEDMAN & GULLACE, LLP uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

**Response:** The allegations of this paragraph state a legal conclusion to which no response is required.  To the extent that a response is required, Defendants state that they are without sufficient knowledge to admit or deny the factual allegations of this paragraph.

10.     Defendant, Christine Shileikis ("Shileikis") is a non-attorney employed by the debt collection law firm of FULTON, FRIEDMAN & GULLACE, LLP with office headquarters at 28 E. Main Street #500, Rochester, NY 4614, is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and by Tex. Fin. Code Ann. § 392.001(6) who at all relevant times was engaged, by the use of the mail and telephone in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5) and by Tex. Fin. Code Ann. § 392.001(2).

**Response:** The allegations of this paragraph state a legal conclusion to which no response is required.  To the extent that a response is required, Defendants state that Shileikis was employed by Defendant Fulton at the time in question, but they are without sufficient knowledge to admit or deny the remaining factual allegations of this paragraph.

11.     Shileikis uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed to another.

**Response:** The allegations of this paragraph state a legal conclusion to which no response is required.  To the extent that a response is required, Defendants state that they are without sufficient knowledge to admit or deny the factual allegations of this paragraph.

12.     Defendant, Carrie D. Taylor ("Taylor") is an attorney employed by the debt collection law firm of FULTON, FRIEDMAN & GULLACE, LLP with office headquarters at 28  E. Main Street #500, Rochester, NY 14614, is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and by Tex. Fin. Code Ann. § 392.001(6) who at all relevant times was engaged, by the

use of the mail and telephone in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5) and by Tex. Fin. Code  Ann. § 392.001(5).

**Response: The allegations of this paragraph state a legal conclusion to which no response is required.  To the extent that a response is required, Defendants state that Taylor was employed by Defendant Fulton at the time in question, but they are without sufficient knowledge to admit or deny the remaining factual allegations of this paragraph.**

13.    Taylor uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

**Response: The allegations of this paragraph state a legal conclusion to which no response is required.  To the extent that a response is required, Defendants state that they are without sufficient knowledge to admit or deny the factual allegations of this paragraph.**

14.    Defendant ASSET ACCEPTANCE, LLC ("ASSET") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and by Tex. Fin. Code Ann. § 392.001(6) with offices at 28405 Van Dyke, Warren, MI 48093.

**Response: The allegations of this paragraph state a legal conclusion to which no response is required.  To the extent that a response is required, Defendant Asset admits that only that at certain times relevant to this complaint, it attempted to collect debts. Defendants state that they are without sufficient knowledge to admit or deny the factual allegations of this paragraph.**

15.    ASSET ACCEPTANCE, LLC is a debt collector who at all relevant times was engaged, by the use of the mail and telephone in the business of attempting to collect a "debt" from Plaintiff as defined by 15 U.S.C. § 1692a(5) and by Tex. Fin. Code Ann. § 392.001(2).

**Response:** **The allegations of this paragraph state a legal conclusion to which no response is required. To the extent that a response is required, Defendants state that they are without sufficient knowledge to admit or deny the factual allegations of this paragraph.**

15.     ASSET ACCEPTANCE, LLC uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed to another.

**Response:** **The allegations of this paragraph state a legal conclusion to which no response is required. To the extent that a response is required, Asset admits only that it uses instrumentalities of interstate commerce or mails and tries to collect money owed on delinquent accounts. Defendants deny the remainder of this paragraph.**

## VENUE

17.     The occurrences which give rise to this action occurred in Bexar County, Texas and Plaintiff resides in Bandera County, Texas.

**Response:** **Defendants are without sufficient knowledge to admit or deny this paragraph.**

18.     Venue is proper in the Western District of Texas, San Antonio Division.

**Response:** **The allegations of this paragraph state a legal conclusion to which no response is required.**

## GENERAL ALLEGATIONS

19.     Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than the Defendants.

**Response:** **Defendants admit that Plaintiff is a natural person. Defendants further admit that Plaintiff, at certain times relevant to this lawsuit, was obligated or allegedly**

**obligated to pay a debt owed or due a creditor other than Defendants Fulton, Taylor and Shileikis. Defendants deny the remainder of this paragraph.**

20.     Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes and Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than the Defendants.

**Response: Defendants are without sufficient knowledge to admit or deny this paragraph, and therefore deny.**

21.     Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

**Response: The allegations of this paragraph state a legal conclusion to which no response is required. To the extent that a response is required, Asset admits only that it uses instrumentalities of interstate commerce or mails and tries to collect money owed on delinquent accounts. Defendants deny the remainder of this paragraph.**

22.     On or about  Feb 20, 2012 Defendant ASSET contacted the Plaintiff via US Mail, the letter was an attempt to collect a debt in the amount of $4465.33 allegedly owed by Plaintiff to Defendant ASSET.  On or about  February 23, 2012 Plaintiff sent a letter via certified US Mail requesting validation of alleged debt, which ASSET signed for on February 28, 2012.  To date Defendant ASSET has failed to Provide validation for the alleged debt.

**Response: The allegations of this paragraph in part state a legal conclusion to which no response is required.  Defendants are without sufficient knowledge to admit or deny the factual allegations of this paragraph, and therefore deny.**

23.     Defendant ASSET has continued collection activity prior to validation in violation of 15 U.S.C. § 1692g(b) by sending letters demanding payment dated, April 3, 2013, May 13, 2013, November 1, 2013 and December 1, 2013.

**Response: The allegations of this paragraph in part state a legal conclusion to which no response is required.  Defendants are without sufficient knowledge to admit or deny the factual allegations of this paragraph, and therefore deny.**

24.     Plaintiff pulled his TransUnion consumer credit report on April 2013, and found that Defendant ASSET had obtained Plaintiff's TransUnion credit report on February 15, 2012, Plaintiff again pulled his credit report on October 2013 and found that ASSET had obtained his TransUnion credit report on August 18, 2012 and again on July 19, 2013 in violation of the FCRA, 15 U.S.C. § 1681b.  At no time has Plaintiff ever given permission for Defendant ASSET to access his credit reports.

**Response: The allegations of this paragraph in part state a legal conclusion to which no response is required.  Defendants are without sufficient knowledge to admit or deny the factual allegations of this paragraph, and therefore deny.**

25.     On July 1, 2013 Plaintiff was contacted via US Mail by Defendant Shileikis of the law offices of FULTON, FRIEDMAN & GULLACE, LLP demanding payment of $4465.33 to their client ASSET ACCEPTANCE, LLC.

**Response: Defendants are without sufficient knowledge to admit or deny the factual allegations of this paragraph, and therefore deny.**

26.     Plaintiff responded with a request for validation of alleged debt which was delivered via certified USPS mail on July 9, 2013.  Defendant Taylor responded with a false and misleading letter dated July 10, 2013, by advising that Plaintiff's current balance was now $0.00. Plaintiff had not made a payment to any of the Defendants that would have caused his "balanced owed" to go from $4465.33 to $0.00 in just two weeks.

**Response: The allegations of this paragraph in part state a legal conclusion to which no response is required.  Defendants are without sufficient knowledge to admit or deny the factual allegations of this paragraph, and therefore deny.**

27.     The Defendants attempting to collect an alleged debt in the amount of $4465.33 is a deceptive practice as well as a false representation of the amount of an alleged debt, and constituted an unfair and unconscionable means being employed to collect a debt alleged to be owed by the Plaintiff and is a violation of 15 U.S.C. § 1692e(2), § 1692f, Tex. Fin. Code § 392.303(a)2, and Tex. Fin. Code § 392.304(a)8.

**Response: Denied.**

28.     The law offices of FULTON, FRIEDMAN & GULLACE, LLP were merely "renting" their letterhead to Defendant Shileikis ("Non-Attorney") and Defendant ASSET ACCEPTANCE, LLC in an attempt to collect money that was never owed to any of the Defendants in violation of the FDCPA, 15 U.S.C. § 1692e(2), § 1692e(3), § 1692e(10), § 1692f, Tex. Fin. Code § 392.303(a)2, and Tex. Fin. Code § 392.304(a)8.

**Response: Denied.**

29.     Defendants' actions constitute conduct highly offensive to a reasonable person, and as a result of Defendants' violations, all Defendants are liable to Plaintiff for Plaintiff's actual damages, statutory damages, costs and attorney's fees.

**Response: Denied.**

30.     All violations alleged herein are within the statute of limitations of the applicable statutes.

**Response:  The allegations of this paragraph state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny.**

31.     Plaintiff denies having any established business relationship, account or owing any balance to FULTON, FRIEDMAN & GULLACE, LLP or ASSET ACCEPTANCE, LLC.

**Response: Defendants admit that Fulton, Shileikis and Taylor had not established relationship with Plaintiff, but deny that Asset had no established relationship with Plaintiff.**

## COUNT 1

### VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT (FDCPA) 15 U.S.C. § 1692E(2) BY DEFENDANTS FULTON, FRIEDMAN & GULLACE, LLP, CHRISTINE SHILEIKIS, CARRIE TAYLOR, AND ASSET ACCCEPTANCE, LLC.

32.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

**Response: Defendants incorporate by reference all of the above paragraphs of this Answer as though fully stated herein.**

33.     Plaintiff is a consumer within the meaning of the FDCPA § 1692a(3).

**Response:  The allegations of this paragraph state a legal conclusion to which no response is required.   To the extent a response is required, Defendants are without sufficient knowledge to admit or deny the factual allegations of this paragraph, and therefore deny.**

34.     FULTON is a debt collector within the meaning of the FDCPA 15 U.S.C. § 1692a(6).

**Response: Admit.**

35.     Shileikis is a debt collector within the meaning of the FDCPA 15 U.S.C. § 1692a(6).

**Response: The allegations of this paragraph state a legal conclusion to which no response is required.**

36.     Taylor is a debt collector within the meaning of the FDCPA 15 U.S.C. § 1692a(6).

**Response: The allegations of this paragraph state a legal conclusion to which no response is required.**

37.     ASSET is a debt collector within the meaning of the FDCPA 15 U.S.C. § 1692a(6).

**Response: The allegations of this paragraph state a legal conclusion to which no response is required.**

38.     Defendants, as debt collectors, violated 15 U.S.C. § 16923(2) by falsely representing that Plaintiff owes $4465.33 to ASSET, and then claiming that Plaintiff now owes $0.00, when Defendants had no evidence whatsoever that Plaintiff owed any money to FULTON, FRIEDMAN & GULLACE, LLP or ASSET ACCEPTANCE, LLC.

WHEREFORE, Plaintiff prays for relief and judgement, as follows:

a)      Adjudging that Defendants violated the FDCPA;

b)      Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000 per Defendant;

c)      Awarding Plaintiff reasonable attorney's fees and costs incurred in this action;

d)      Awarding Plaintiff any post-judgment interest as may be applicable under the law;

e)      Awarding such other and further relief as the Court may deem just and proper.

**Response: Deny.**

## COUNT II

**VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT (FDCPA) 15 U.S.C. § 1692E(10) BY DEFENDANTS FULTON, FRIEDMAN & GULLACE, LLP, CHRISTINE SHILEIKIS, CARRIE TAYLOR, AND ASSET ACCEPTANCE, LLC.**

39.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

**Response: Defendants incorporate by reference all of the above paragraphs of this Answer as though fully stated herein.**

40.     Plaintiff is a consumer within the meaning of the FDCPA § 1692a(e).

**Response: The allegations of this paragraph state a legal conclusion to which no response is required.  To the extent a response is required, Defendants are without sufficient knowledge to admit or deny the factual allegations of this paragraph, and therefore deny.**

41.     FULTON is a debt collector within the meaning of the FDCPA 15 U.S.C. § 1692a(6).

**Response: Admit.**

42.     Shileikis is a debt collector within the meaning of the FDCPA 15 U.S.C. § 1692a(6).

**Response: The allegations of this paragraph state a legal conclusion to which no response is required.**

43.     Taylor is a debt collector within the meaning of the FDCPA 15 U.S.C. § 1692a(6).

**Response**: **The allegations of this paragraph state a legal conclusion to which no response is required.**

44.     ASSET is a debt collector within the meaning of the FDCPA 15 U.S.C. § 1692a(6).

**Response**: **The allegations of this paragraph state a legal conclusion to which no response is required.**

45.     Defendants, as debt collectors, violated 15 U.S.C. § 1692e(10) by attempting to collect an alleged debt when Defendants had no evidence that Plaintiff owed any money to FULTON, FRIEDMAN & GULLACE, LLP or ASSET ACCEPTANCE, LLC.

WHEREFORE, Plaintiff prays for relief and judgment, as follows.

a)      Adjudging that Defendants violated the FDCPA;

b)      Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000 per Defendant;

c)      Awarding Plaintiff reasonable attorney's fees and costs incurred in this action;

d)      Awarding Plaintiff any post-judgment interest as may be applicable under the law;

e)      Awarding such other and further relief as the Court may deem just and proper.

**Response: Deny.**

## COUNT III

**VIOLATIONS OF THE TEXAS DEBT COLLECTIONS PRACTICES ACT (TDCPA) BY DEFENDANTS FULTON, FRIEDMAN & GULLACE, LLP, CHRISTINE SHILEIKIS, CARRIE TAYLOR, AND ASSET ACCEPTANCE, LLC.**

46.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

**Response: Defendants incorporate by reference all of the above paragraphs of this Answer as though fully stated herein.**

47.     Defendants violated the Texas Debt Collections Practices  Act in one or more of the following ways:

a.      Using false representations or deceptive means to collect a debt or obtain information concerning a consumer, including (Tex Fin Code § 392.304(a)(19).

b.      Misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding pursuant to Tex. Fin. Code § 392.304(a)8.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)      Adjudging that Defendants violated the TDCPA;

b)      Awarding Plaintiff statutory damages pursuant to the TDCPA;

c)      Awarding Plaintiff actual damages pursuant to the TDCPA;

d)      Awarding Plaintiff reasonable attorney's fees and costs incurred in this action;

e)      Awarding Plaintiff any post-judgment interest as may be allowed under the law;

f)      Awarding such other and further relief as the Court may deem just and proper.

**Response: Deny.**

## COUNT IV

**VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT (DTPA) BY DEFENDANTS FULTON, FRIEDMAN & GULLACE, LLP, CHRISTINE SHILEIKIS, CARRIE TAYLOR, AND ASSET ACCEPTANCE, LLC.**

48.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

**Response:** Defendants incorporate by reference all of the above paragraphs of this Answer as though fully stated herein.

49.     A violation of the Texas Debt Collection Practices Act is a deceptive trade practice under the Texas Deceptive Trade Practices Act, and is actionable under the Texas Deceptive Trade Practices Act.  Tex. Fin. Code. Ann § 392.404(a).

**Response: This paragraph is a recitation or conclusion or law and therefore no response is required. To the extent that a response is required, Defendant denies to the extent that this Paragraph is inconsistent with or contrary to the applicable statute, case law, or other governing authority.**

50.     Defendants violated Tex. Bus. Com. Code § 17.50(h).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)     Adjudging that Defendant violated the Texas Deceptive  Trade Practices Act, Tex. Bus. Com. Code, Chapter 17, Subchapter E;

b)     Awarding Plaintiff actual damages, pursuant to Tex. Bus. Com. Code § 17.50(h);

c)     Awarding Plaintiff three times actual damages, pursuant to Tex. Bus. Com. § 17.50(h);

d)     Awarding Plaintiff reasonable attorney's fees and costs incurred in this action;

e)     Awarding Plaintiff any post-judgment interest as may be allowed under the law;

f)     Awarding such other and further relief as the Court may deem just and proper.

**Response: Deny.**

## COUNT V

**VIOLATION OF THE FAIR DEBT COLLECTIONS PRACTICES ACT (FDCPA) 15 U.S.C. § 1692G(B) BY DEFENDANT ASSET ACCEPTANCE, LLC.**

51.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

**Response: Defendants incorporate by reference all of the above paragraphs of this Answer as though fully stated herein.**

52.     Plaintiff is a consumer within the meaning of the FDCPA, U.S.C. § 1692a(3).

**Response: The allegations of this paragraph state a legal conclusion to which no response is required.   To the extent a response is required, Defendants are without sufficient knowledge to admit or deny the factual allegations of this paragraph, and therefore deny.**

53.     Defendant ASSET ACCEPTANCE, LLC is a debt collector within the meaning of the FDCPA 15 U.S.C. § 1692a(6).

**Response: The allegations of this paragraph state a legal conclusion to which no response is required.**

54.     On or about Feb 20, 2012 ASSET contacted the Plaintiff via US Mail with a notice of an alleged debt of $4465.33 that was owed to Asset Acceptance.

**Response: Defendants are without sufficient knowledge to admit or deny this paragraph, and therefore deny.**

55.     On or about February 23, 2012 Plaintiff sent a letter via certified Mail requesting validation of alleged debt, which ASSET signed for on February 28, 2012.   To date Asset Acceptance has failed to validate the alleged debt.

**Response: Defendants are without sufficient knowledge to admit or deny this paragraph, and therefore deny.**

56.     ASSET has continued collection activity prior to validation in violation of 15 U.S.C. § 1692g(b) by sending letters demanding payment dated, April 3, 2013, May 13, 2013, November 1, 2013 and December 1, 2013.

**Response: Defendants are without sufficient knowledge to admit or deny this paragraph, and therefore deny.**

57.     Defendant's ongoing collection activity prior to validation, brought forth herein are within the statutes of limitations as defined in the FDCPA, 1692k(d).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)      Adjudging the Defendant violated the FDCPA;

b)      Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c)      Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

d)      Awarding Plaintiff any post-judgment interest as may be allowed by law;

e)      Awarding such other and further relief as the Court may deem just and proper.

**Response: Deny.**

## COUNT VI

**VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, WILLFUL NON-COMPLIANCE BY DEFENDANT ASSET ACCEPTANCE, LLC**

58.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

**Response: Defendants incorporate by reference all of the above paragraphs of this Answer as though fully stated herein.**

59.     Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

**Response: The allegations of this paragraph state a legal conclusion to which no response is required.   To the extent a response is required, Defendants are without sufficient knowledge to admit or deny the factual allegations of this paragraph, and therefore deny.**

60.     TransUnion is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

**Response: The allegations of this paragraph state a legal conclusion to which no response is required.   To the extent a response is required, Defendants are without sufficient knowledge to admit or deny the factual allegations of this paragraph, and therefore deny.**

61.     Consumer credit is a consumer report within the meaning of the FCRA, 15 U.S.C. § 1681a(d).

**Response: This paragraph is a recitation or conclusion or law and therefore no response is required. To the extent that a response is required, Defendant denies to the extent that this Paragraph is inconsistent with or contrary to the applicable statute, case law, or other governing authority.**

62.     The FCRA, 15 U.S.C. § 1681b defines the permissible purpose for which a person may obtain a consumer credit report.

**Response: This paragraph is a recitation or conclusion or law and therefore no response is required. To the extent that a response is required, Defendant denies to the extent that this Paragraph is inconsistent with or contrary to the applicable statute, case law, or other governing authority.**

63.     Such permissible purposes as defined by 15 U.S.C. § 1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the Inquiry.

**Response: This paragraph is a recitation or conclusion or law and therefore no response is required. To the extent that a response is required, Defendant denies to the extent that this Paragraph is inconsistent with or contrary to the applicable statute, case law, or other governing authority.**

64.     Plaintiff has never had any prior business relationship or account with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant ASSET.

**Response: Deny.**

65.     On February 15, 2012 Defendant obtained the TransUnion consumer credit report for the Plaintiff with no permissible purpose in violation of the FCRA, 15 U.S.C. § 1681b.

**Response: Defendants are without sufficient knowledge to admit or deny this paragraph, and therefore deny.  Defendants further deny any violation of the FCRA or any other applicable law.**

66.     Plaintiff sent a notice to ASSET of their violations under the FCRA and FDCPA. This was an effort to mitigate damages and reach a settlement for their violations in obtaining Plaintiff's credit report before taking civil action against them.  Plaintiff received no reply to said notice sent to Defendant.

**Response: Asset admits that it received a notice from Plaintiff alleging violations of the FCRA and FDCPA.  Defendants deny the remainder of this paragraph, and deny any violations of the FCRA, the FDCPA, or any other relevant statute or law.**

67.     At no time did Plaintiff give his consent for Defendant ASSET to acquire his consumer credit report from any credit reporting agency.

**Response: Defendants are without sufficient knowledge to admit or deny this paragraph, and therefore deny.**

68.     The actions of Defendant obtaining the consumer credit report of the Plaintiff with no permissible purpose of Plaintiff's consent was a willful violation of FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy.

**Response: Deny.**

69.     At no time has Defendant ASSET ever indicated what justification they may have had for obtaining Plaintiff's credit report.  The Defendant had a duty to properly ascertain if there was any **legitimate** permissible purpose before obtaining Plaintiff's credit report and Defendant breached said duty by failing to do so.  There was no account that the Defendant had any right to collect to have had permissible purpose to obtain Plaintiff's credit report and therefore Plaintiff is entitled to damages for breach of said duty.

**Response: The allegations of this paragraph in part state a legal conclusion to which no response is required.  Defendants are without sufficient knowledge to admit or deny the**

remaining factual allegations of this paragraph, and therefore deny.

WHEREFORE, Plaintiff demand judgment for damages against Defendant ASSET ACCEPTANCE, LLC for statutory damages of $1,000.00, any attorney's fees, and costs pursuant to 15 U.S.C. § 168n.

**Response: Deny.**

## COUNT VI

### VIOLATION OF THE FAIR CREDIT REPORT ACT, 15 U.S.C. § 1681 WILLFUL NON-COMPLIANCE BY DEFENDANT ASSET ACCEPTANCE, LLC

70.    The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

**Response: Defendants incorporate by reference all of the above paragraphs of this Answer as though fully stated herein.**

71.    Plaintiff is a consumer within the meaning of the FCR, 15 U.S.C. § 1681a(c).

**Response: The allegations of this paragraph state a legal conclusion to which no response is required.   To the extent a response is required, Defendants are without sufficient knowledge to admit or deny the factual allegations of this paragraph, and therefore deny.**

72.    TransUnion is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

**Response: The allegations of this paragraph state a legal conclusion to which no response is required.   To the extent a response is required, Defendants are without sufficient knowledge to admit or deny the factual allegations of this paragraph, and therefore deny.**

73.    Consumer credit report is a consumer report within the meaning of the FCRA, 15

U.S.C. § 1681a(d).

**Response: This paragraph is a recitation or conclusion or law and therefore no response is required. To the extent that a response is required, Defendant denies to the extent that this Paragraph is inconsistent with or contrary to the applicable statute, case law, or other governing authority.**

74.     The FCRA, 15 U.S.C. § 1681b defines the permissible purpose for which a person may obtain a consumer credit report.

**Response: This paragraph is a recitation or conclusion or law and therefore no response is required. To the extent that a response is required, Defendant denies to the extent that this Paragraph is inconsistent with or contrary to the applicable statute, case law, or other governing authority.**

75.     Such permissible purposes as defined by 15 U.S.C. § 1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the Inquiry.

**Response: This paragraph is a recitation or conclusion or law and therefore no response is required. To the extent that a response is required, Defendant denies to the extent that this Paragraph is inconsistent with or contrary to the applicable statute, case law, or other governing authority.**

76.     Plaintiff has never had any prior business relationship or account with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant ASSET.

**Response: Deny.**

77.     Defendant obtained Plaintiff's TransUnion consumer credit report on August 8, 2012 with no permissible purpose under the FCRA, 15 U.S.C. § 1681b.

**Response: The allegations of this paragraph in part state a legal conclusion to which no response is required.  Defendants are without sufficient knowledge to admit or deny the factual allegations of this paragraph, and therefore deny.**

78.     At no time has Defendant ASSET ever indicated what justification they may have had for obtaining Plaintiff's credit report.

**Response: Defendants are without sufficient knowledge to admit or deny the factual allegations of this paragraph, and therefore deny.**

79.     The Defendant had a duty to properly ascertain if there was any **legitimate** permissible purpose before obtaining Plaintiff's credit report and Defendant breached said duty by failing to do so.  There was no account that the Defendant had any right to collect to have had permissible purpose to obtain Plaintiff's credit report and therefore Plaintiff is entitled to damages for breach of said duty.

**Response: The allegations of this paragraph in part state a legal conclusion to which no response is required.  To the extent that a response is required, Defendants deny.**

WHEREFORE, Plaintiff demands judgment for damages against Defendant ASSET ACCEPTANCE, LLC for statutory damages of $1,000.00, any attorney's fees, and costs pursuant to 15 U.S.C. § 168n.

**Response: Deny.**

## COUNT VII

**VIOLATION OF THE FAIR CREDIT REPORT ACT, 15 U.S.C. § 1681 WILLFUL NON-COMPLIANCE BY DEFENDANT ASSET ACCEPTANCE, LLC**

80.     The Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

**Response: Defendants incorporate by reference all of the above paragraphs of this Answer as though fully stated herein.**

81.    Plaintiff is a consumer within the meaning of the FCR, 15 U.S.C. § 1681a(c).

**Response: The allegations of this paragraph in part state a legal conclusion to which no response is required.  To the extent that a response is required, Defendants are without sufficient knowledge to admit or deny the factual allegations of this paragraph, and therefore deny.**

82.    TransUnion is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

**Response: The allegations of this paragraph in part state a legal conclusion to which no response is required.**

83.    Consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. § 1681a(d).

**Response: This paragraph is a recitation or conclusion or law and therefore no response is required. To the extent that a response is required, Defendant denies to the extent that this Paragraph is inconsistent with or contrary to the applicable statute, case law, or other governing authority.**

84.    The FCRA, 15 U.S.C. § 1681b defines the permissible purpose for which a person may obtain a consumer credit report.

**Response: This paragraph is a recitation or conclusion or law and therefore no response is required. To the extent that a response is required, Defendant denies to the extent that this Paragraph is inconsistent with or contrary to the applicable statute, case**

**law, or other governing authority.**

85.    Such permissible purposes as defined by 15 U.S.C. § 1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the Inquiry.

**Response: This paragraph is a recitation or conclusion or law and therefore no response is required. To the extent that a response is required, Defendant denies to the extent that this Paragraph is inconsistent with or contrary to the applicable statute, case law, or other governing authority.**

86.    Plaintiff has never had any prior business relationship or account with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant ASSET.

**Response: Denied.**

87.    Defendant obtained Plaintiff's TransUnion consumer credit report on July 19, 2013 with no permissible purpose under the FCRA, 15 U.S.C. § 1681b.

**Response: The allegations of this paragraph in part state a legal conclusion to which no response is required.  Defendants are without sufficient knowledge to admit or deny the factual allegations of this paragraph, and therefore deny.**

88.    At no time has Defendant ASSET ever indicated what justification they may have had for obtaining Plaintiff's credit report.

**Response: Defendants are without sufficient knowledge to admit or deny the factual allegations of this paragraph, and therefore deny.**

89.    Defendant ASSET had a duty to properly ascertain if there was any **legitimate**

permissible purpose before obtaining Plaintiff's credit report and Defendant breached said duty by failing to do so.  There was no account that the Defendant had any right to collect to have had permissible purpose to obtain Plaintiff's credit report and therefore Plaintiff is entitled to damages for breach of said duty.

**Response: The allegations of this paragraph in part state a legal conclusion to which no response is required.  Defendants are without sufficient knowledge to admit or deny the factual allegations of this paragraph, and therefore deny.**

WHEREFORE, Plaintiff demands judgment for damages against Defendant ASSET ACCEPTANCE, LLC for statutory damages of $1,000.00, any attorney's fees, and costs pursuant to 15 U.S.C. § 168n.

**Response: Deny.**

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

**Response: This paragraph is a jury request, and therefore no response is required.**

90.      All allegations not specifically admitted herein are denied.

## AFFIRMATIVE DEFENSES

91.      Plaintiff's Complaint fails to state a claim upon which relief can be granted.

92.      To the extent that a violation(s) is established, and in the event Defendants are found to be debt collectors or are vicariously liable for the acts of a debt collector, as defined by

the FDCPA or TDCA, any such violation(s) was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

93.     Any harm suffered by Plaintiff, which is denied, was a result in whole or in part of Plaintiff's own conduct or the conduct of third parties over whom Defendants exercise no control or authority and for whom Defendants are not responsible or liable.  Therefore, damages suffered by Plaintiff, if any, should be reduced or allocated accordingly.

94.     Plaintiff's claims are barred, in whole or in part, by limitations.

95.     To the extent that Plaintiff suffered any damages, which is denied, Plaintiff failed to mitigate his damages or take other reasonable steps to avoid or reduce his damages.

Dated:   April 21, 2014.

Respectfully submitted,

**DYKEMA GOSSETT PLLC**

_/s/ Chais L. Sweat_
Chais L. Sweat
State Bar No. 24062355
1717 Main Street, Suite 4000
Dallas, Texas 75201
(214) 462-6400
(214) 462-6401 (fax)

**ATTORNEYS FOR ASSET ACCEPTANCE, LLC, CHRISTINE SCHILEIKIS, AND CARRIE D. TAYLOR**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on April 21, 2014, a copy of the foregoing instrument was served on all parties of record via ECF.

| | |
|---|---|
| John P. Johnson | Robbie Malone |
| Plaintiff Pro Se | Xerxes Martin |
| 11006 Clifton Forge | Drew Jones |
| San Antonio, Texas 78230 | Robbie Malone, P.L.L.C. |
| **PLAINTIFF, PRO SE** | Northpark Central, Suite 1850 |
| | 8750 North Central Expressway |
| | Dallas, Texas 75231 |
| | TEL: (214) 346-2630 |
| | FAX: (214) 346-2631 |
| | **ATTORNEYS FOR DEFENDANT** |
| | **FULTON FRIEDMAN & GULLACE, LLP** |

*/s/ Chais L. Sweat*
Chais L. Sweat